NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0440n.06
Filed: July 25, 2008

No. 07-4131

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| AVALON PRECISION CASTING CO., | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INDUSTRIAL COMMISSION OF OHIO; | ) | |
| ROBIN NASH, Staff Hearing Officer; | ) | ON APPEAL FROM THE UNITED |
| GARY DICEGLIO, Chairman; WILLIAM E. | ) | STATES DISTRICT COURT FOR THE |
| THOMPSON, Member; KEVIN R. | ) | NORTHERN DISTRICT OF OHIO |
| ABRAMS, Member; OHIO BUREAU OF | ) | |
| WORKERS' COMPENSATION; MARSHA | ) | |
| P. RYAN, Administrator; JOHNNIE | ) | |
| EDWARDS, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before: SUTTON and COOK, Circuit Judges; and ROSE,[*] District Judge.

PER CURIAM. A tow-motor accident injured Johnnie Edwards's knee at work. Edwards received disability payments, as well as a safety-violation ("VSSR") award for $3,310.72 because the tow motor lacked a working horn to warn Edwards as it approached.

Instead of seeking Ohio judicial review, his employer, Avalon Precision Casting Company ("Avalon"), filed this 42 U.S.C. § 1983 action asking the court to declare that: OSHA preempts

---

[*]The Honorable Thomas M. Rose, United States District Judge for the Southern District of Ohio, sitting by designation.

No. 07-4131
*Avalon Precision Casting Co. v. Industrial Commission of Ohio, et al.*

Ohio's VSSR scheme; the Ohio Administrative Code section requiring a working horn is impermissibly vague; and Ohio's prohibition on cross-examining a claimant's personal physician in workers' compensation proceedings violates due process. The district court, in a thorough and thoughtful opinion with which we agree, rejected each of Avalon's claims, and we adopt the district court's Opinion as the opinion of this panel. *See Avalon Precision Casting Co. v. Indus. Comm'n of Ohio*, No. 1:04-cv-02292, 2006 WL 3332212 (N.D. Ohio Nov. 15, 2006).

In a separate Order the district court denied Avalon default judgment against Edwards. Avalon's appeal also targets that decision, relying on the compulsory phrasing of the default-judgment rule that the clerk "*must* enter the party's default" if that party "has failed to plead or otherwise defend," as did Edwards. *See* Fed. R. Civ P. 55(a) (emphasis added). But § 1983 confers jurisdiction only "[t]o redress the deprivation, *under color of any State law* . . . of any right, privilege, or immunity secured by the Constitution of the United States . . . ." *See Watson v. Kenlick Coal Co.,* 498 F.2d 1183, 1185 (6th Cir. 1974); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998); *Bell v. Hood*, 327 U.S. 678, 682–83 (1946). The district court thus lacked jurisdiction to grant a judgment against Edwards, a defendant who indisputably is not a state actor and who cannot be traced to any of these alleged constitutional violations.

We affirm.